IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HARWIN INVESTORS, LTD.** | § § § | |
| | § | Civil Action No. _____ |
| v. | § § | **JURY** |
| **INTERSTATE FIRE & CASUALTY COMPANY** | § § § | |

**DEFENDANT
INTERSTATE FIRE & CASUALTY COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant INTERSTATE FIRE & CASUALTY COMPANY ("Defendant") respectfully invokes the Court's federal diversity jurisdiction under 28 U.S.C. §1332 and hereby serves notice of its removal of this case from the 333rd Judicial District Court of Harris County, Texas, under 28 U.S.C. §1441 and §1446.

**I.   NATURE OF THE SUIT**

1.   This lawsuit arises out of a disputed insurance claim submitted by the Plaintiff, HARWIN INVESTORS, LTD. ("Plaintiff") to its insurer, the Defendant, requesting coverage for certain alleged damage to the Plaintiff's property. Plaintiff alleges the Defendant has breached the insurance contract, has violated certain provisions of Chapters 541 and 542 of the Texas Insurance Code, and has breached the insurer's duty of good faith and fair dealing.

**II.   PROCEDURAL BACKGROUND**

2.   On August 23, 2017, Plaintiff sued the Defendant by filing Plaintiff's Original Petition in the 333rd Judicial District Court of Harris County, Texas, bearing Cause No. 2017-56344, and styled *Harwin Investors, Ltd. v. Interstate Fire & Casualty Company* ("the State Court Action"). [See Exhibit 2.A. filed herewith.]

3. Plaintiff elected to serve Defendant by serving the Texas Secretary of State. Defendant received the Petition and citation from the Secretary of State on December 12, 2017. [See Exhibit 1 filed herewith.]

4. The Defendant has filed an Answer in the State Court Action prior to removing the case to federal court. [See Exhibit 2.B. filed herewith.]

### III. TIMELINESS OF THE REMOVAL

5. This Notice of Removal is timely in all respects.

6. As required under 28 U.S.C. §1446(b)(1), this Notice of Removal is being filed within thirty days of the Defendant's actual receipt of service of process on December 12, 2017. [See Exhibit 1 filed herewith.] *Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988 (S.D. Tex. 1998).

7. Furthermore, this removal is being filed within one year of the date that the State Court Action was instituted on August 23, 2017, as required under 28 U.S.C. § 1446(c)(1). [See Exhibit 2.A. filed herewith.]

### IV. VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1446(a) because this district and division encompass the county of venue where the State Court Action is pending, i.e., Harris County, Texas. [See Exhibit 2.A. filed herewith.]

9. Venue also is proper in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the State Court Action allegedly occurred in Harris County, Texas. [See, Exhibit 2.A. filed herewith, Plaintiff's Original Petition at ¶¶ 6 – 18.]

### V. JURISDICTIONAL BASIS FOR REMOVAL

10. This Court may properly exercise its diversity jurisdiction under 28 U.S.C. §1332,

as this is a civil action where there is complete diversity of citizenship between the parties, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

11. The State Court Action may properly be removed under 28 U.S.C. § 1441(b)(2), as the Defendant is not a citizen of the State of Texas.

### A. Amount In Controversy Exceeds $75,000

12. Because this case initially was filed in a Texas state court, Rule 47 of the Texas Rules of Civil Procedure requires a plaintiff to state the amount of monetary relief it seeks. See TEX.R.CIV.P. 47(c). In its Original Petition, the Plaintiff affirmatively states that it seeks to recover more than $200,000 but less than $1,000,000. [See, Exhibit 2.A. filed herewith, Plaintiff's Original Petition at ¶ 48.] Hence, the amount in controversy exceeds the Court's minimum jurisdictional threshold under 28 U.S.C. § 1332.

### B. Complete Diversity of Citizenship of The Parties

#### 1. Citizenship of the Defendant

13. Defendant is a citizen of the state of Illinois for purposes of establishing federal diversity jurisdiction. The Defendant is a corporation formed under the laws of the state of Illinois and maintains its principal place of business in Chicago, Illinois.

14. Because Defendant is not a citizen of the state of Texas, it may properly remove this case if all other jurisdictional requirements are satisfied.

#### 2. Citizenship of the Plaintiff

15. Plaintiff alleges in its Original Petition that it is a "Texas corporation." [See Exhibit 2.A., Plaintiff's Original Petition at paragraph 2.] Plaintiff indeed maintains its principal place of business in Harris County, Texas as well. Thus, on the face of the pleadings, complete diversity of citizenship is present.

16. However, the presence of the term "Ltd." in the name of the Plaintiff caused the undersigned counsel to suspect the accuracy of the Plaintiff's contention that it is a Texas corporation. Defendant's counsel's review of the online database maintained by the Texas Secretary of State for Texas business organizations revealed that the Plaintiff is actually a <u>limited partnership</u>, not a corporation.

17. Therefore, the Court is required to examine the citizenship of all of the general partners and limited partners to determine whether they are each diverse as to the Defendant. *Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 108 L.Ed.2d 157 (1990). <u>As illustrated immediately below, the general partner and all of the limited partners are in fact citizens of the state of Texas, and they are therefore diverse as to the Defendant.</u>

### a.   Citizenship of the <u>general</u> partner

18. Records obtained from the office of the Texas Secretary of State reflect that the general partner of the Plaintiff is 8320 Harwin, Inc., and that it is a <u>Texas</u> corporation which maintains its principal place of business in <u>Texas</u>, at 9320 Harwin Drive, Houston, Texas 77036.

### b.   Citizenship of the <u>limited</u> partners

19. Records obtained from the office of the Texas Secretary of State reflect that the limited partners of the Plaintiff are:

- Lawrence K. Lee   (45%)
- Sue Y.T. Lee       (45%)
- Shu Min Tsai       (9%)[1]

Information obtained from the office of the Texas Secretary of State reflects that these

---

[1] Shu Min Tsai may be only a nominal party, and not a real party in interest, as recent records obtained from the office of the Texas Secretary of State do not reflect any recent participation by this individual in the operation or management of the business.

individuals are citizens of the state of Texas.

## VI. Additional Documents Being Filed In Support of Removal

20. Pursuant to 28 U.S.C. § 1446(a), and Local Rule LR 81 governing removals, all pleadings, process, orders, and all other filings in the state court suit are being filed with this Notice, along with the required list of all counsel and the parties they represent. See Exhibits 1 – 6 filed herewith.

21. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide prompt written notice to the Plaintiff of the filing of this Notice of Removal, and will file a notice with the Clerk of the 333rd Judicial District Court of Harris County, Texas, where the State Court Action is pending.

## VII. Conclusion and Prayer

22. Plaintiff's pleadings demonstrate the complete diversity of citizenship between the parties. Plaintiff's pleadings on their face also establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. Furthermore, this removal is timely in all respects. This honorable Court therefore may exercise its federal diversity jurisdiction under 28 U.S.C. §1332.

23. Defendant INTERSTATE FIRE & CASUALTY COMPANY therefore respectfully prays that the Court entertain its federal diversity jurisdiction over this matter.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ *Christopher W. Martin*
    Christopher W. Martin
    E-Mail: martin@mdjwlaw.com
    State Bar No.: 13057620
    Southern District ID No.: 13515

808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700

Facsimile: (713) 222-0101

**ATTORNEY-IN-CHARGE**
**FOR DEFENDANT**

OF COUNSEL FOR DEFENDANT:

P. Wayne Pickering
Texas Bar No.: 15975030
Southern District ID No.: 12693
pickering@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
800 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of January, 2018, a true copy of this document was electronically filed and that the counsel of record noted below designated as counsel to receive electronic service of all instruments filed herein were served on this date, per the mandatory electronic filing rules.

    Robert C. Lane
    Jack Kitchen
    THE LANE LAW FIRM, PLLC
    6200 Savoy Drive, Suite 1150
    Houston, Texas 77036
    [T] (713) 595-8200
    [F] (713) 595-8201

    **Counsel for Plaintiff**

/s/ *P. Wayne Pickering*
P. Wayne Pickering